UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOBIAS MITCHELL,

        Petitioner,

                                                Criminal No. 07-20406
                                                Civil No. 09-10476
vs.                                                HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING § 2255 MOTION FOR HABEAS RELIEF (# 13) AND DENYING CERTIFICATE OF APPEALABILITY

      Tobias Mitchell, appearing pro per, filed a motion on February 6, 2009, for habeas relief and relief from his sentence under 28 U.S.C. § 2255 claiming four different grounds of relief. Because grounds two and three relate to defendant's conviction and sentence in case no. 06-cr-20478 before Judge Cox and are not relevant to this case, the Court only addresses grounds one and four. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

      On October 15, 2007, Mitchell pled guilty to Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and Armed Career Criminal in violation of 18 U.S.C. §924(e)(1). Mitchell was sentenced to 262 months imprisonment on February 6, 2008. Mitchell did not appeal the plea or the sentence.

      "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523 U.S. 614, 621 (U.S. 1998) (quoting Mabry v. Johnson, 467

U.S. 504, 508 (1984)). Even a claim that a plea was not voluntary or intelligent can only be raised on collateral review if it was raised on direct review. Id. In ground one of Mitchell's motion he argues that he is actually innocent of the Felon in Possession of a Firearm because he "was no longer on any type of probation or supervised [release] for the State [or] Federal Penal Systems, and my Rights were Restored." Because Mitchell's argument was not raised on direct appeal and does not address whether the plea was voluntary and intelligent, Mitchell procedurally defaulted the claim.

If a defendant procedurally defaults a claim by failing to raise it on direct review, the defendant can only raise the claim on habeas if the defendant proves "cause" and actual "prejudice" or shows that he is "actually innocent." Id. To prove actual innocence, the defendant must prove that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Id. Because Mitchell has not presented any facts to support his claim, Mitchell has failed to show that it is "more likely than not" that a reasonable juror would not have convicted him and Mitchell cannot raise the claim on collateral review.

Ground four of defendant's motion states that the Court "used the Guidelines as though they were mandatory . . ." Because Mitchell did not raise the claim on appeal, Mitchell procedurally defaulted the claim. Mitchell has not presented any cause for the default, which means he cannot raise the claim on collateral review.

## Conclusion

Mitchell procedurally defaulted his claims and failed to demonstrate "cause" and actual "prejudice" or "actual innocence." Mitchell's motion for habeas relief and relief

from his sentence under 28 U.S.C. § 2255 is hereby DISMISSED.  Before petitioner may appeal this court's decision, a certificate of appealability must issue.  28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Petitioner has made no such showing.  Accordingly, a certificate of appealability is hereby DENIED.

    SO ORDERED.

Dated:  November 16, 2009

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 16, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk