UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 07-20406

    Hon. George Caram Steeh

TOBIAS MITCHELL,

    Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF No. 20]

Defendant Tobias Mitchell seeks compassionate release from prison, relief that the government opposes. For the reasons explained below, the Court denies the motion.

Mitchell pleaded guilty to Felon in Possession of a Firearm and Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). While the plea agreement anticipated a guideline range of 180 to 210, the Probation Department determined that Mitchell was a career offender under 4B1.1 and calculated his guideline range at 262 to 327 months. This Court sentenced Mitchell to 262 months in prison, to run concurrent with his 240-month sentence in a separate federal drug trafficking case before

-1-

United States District Judge Sean F. Cox (ECF No. 12; *see also* Case No. 06-20478, ECF No. 18).  Mitchell has served approximately 151 months and is currently incarcerated at FCI Terre Haute's satellite camp.  His projected release date is March 2, 2026.

On July 25, 2020, Mitchell was submitted for consideration for home confinement by his institution based on his PATTERN score and medical records.  The BOP Central Office ultimately denied the request.  Mitchell's case manager confirmed that the recommendation to place Mitchell on home confinement was denied but stated that he did not know the reasons for the denial.  Mitchell seeks compassionate release from the Court due to underlying health conditions, including obesity, orthopedic problems, pre-diabetes, gout and chronic hypertension, which place him at a higher risk for severe illness should he contract COVID-19.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all

administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion; (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment. To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1. Medical conditions meeting the "extraordinary and compelling" standard include terminal illnesses or serious physical or cognitive impairments. *Id.* In addition, the defendant must "not [be] a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

Even if these criteria are met, the court may not grant a motion for compassionate release unless the factors set forth in section 3553(a)

-3-

support a sentence reduction. *See* 18 U.S.C. § 3553(a); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a).

Mitchell requested compassionate release from the Warden on September 8, 2020. As of the filing of his motion, the Warden had not responded to Mitchell's request. Accordingly, he has exhausted his administrative remedies and the court may consider his motion. *See United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).

The government does not dispute that Mitchell falls into the category of individuals who are at a higher risk of COVID-19 complications, due to the combination of his obesity with his other health issues. Some courts have found that certain underlying conditions, coupled with the COVID-19 pandemic and the risk of contracting the illness in prison, constitute extraordinary and compelling reasons supporting compassionate release. *See, e.g., United States v. Mitchell*, 472 F. Supp. 3d 403, 406 (E.D. Mich.

2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons).

Assuming Mitchell's health conditions and the COVID-19 pandemic meet the "extraordinary and compelling" standard, however, the court finds that the section 3553(a) factors do not weigh in favor of compassionate release.  Mitchell's conviction stems from an incident that occurred in 2007, wherein police conducted a traffic stop wherein Mitchell possessed a firearm and did not cooperate with officers when they attempted to arrest him.  His possession of the firearm occurred after several prior convictions for drug trafficking and other felonies, including a federal drug trafficking case that was pending at the time of his arrest.  His criminal history qualifies him as an Armed Career Criminal under the guidelines.  Mitchell received a 262-month sentence for both trafficking drugs and being an Armed Career Criminal in possession of a firearm.

Mitchell has over five years remaining on his sentence.  Releasing him with that much time remaining would not reflect the seriousness of his offenses, promote respect for the law, afford just and proportionate punishment, or provide sufficient deterrence.  While Mitchell has demonstrated self-improvement while incarcerated, including taking

advantage of education opportunities to earn his GED diploma, that alone does not change the Court's calculus.

Because the section 3553(a) factors do not weigh in favor of compassionate release, IT IS HEREBY ORDERED that Mitchell's motion (ECF No. 20) is DENIED.

Dated: January 4, 2021

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 4, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk